**HILGERS GRABEN PLLC**
Luke Landers (SBN 315475)
  llanders@hilgersgraben.com
  27001 Agoura Road, Suite 350
  Calabasas, CA 91301
  Telephone: (310) 692-8385
Thomas Q. Swanson (SBN 325205) (*pro hac vice* forthcoming)
  tswanson@hilgersgraben.com
  1320 Lincoln Mall, Suite 200
  Lincoln, NE 68508
  Telephone: (402) 395-4469

*Attorneys for Plaintiff AMMAR RASHIK and the proposed Plaintiff Class*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AMMAR RASHIK, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF RIVERSIDE, California, individually and on behalf of all others similarly situated,<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>Jury Trial Demanded |

Plaintiff Ammar Rashik ("Plaintiff"), on behalf of himself and all others similarly situated, brings this action against Defendant County of Riverside (the "County"), individually and on behalf of all others similarly situated.  Plaintiff alleges as follows:

**NATURE OF THE ACTION**

1. "The taxpayer must render unto Caesar what is Caesar's, but no more." *Tyler v. Hennepin Cnty.*, 598 U.S. 631, 647 (2023).

2. This is a class action lawsuit to redress injuries that Plaintiff and a class of property owners have suffered, and will continue to suffer, as a result of California counties' unconstitutional practice of taking Plaintiff's and Plaintiff Class members' protected property interests for public use without providing just compensation or due process.

1

**CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**
*Rashik v. County of Riverside*, US District Court, Central District of California

3.      In *Tyler v. Hennepin County*, 598 U.S. 631 (2023), the Supreme Court unanimously held that retaining proceeds in excess of the tax debt owed, and using a process which lacked provisions to compensate foreclosed property owners for such excess proceeds, violated the U.S. Constitution's prohibition on the taking of private property for public use without just compensation. *See* U.S. Const., Amends. 5 & 14.

4.      Here, as in *Tyler*, when the County and the Defendant Class (collectively, "Defendants") foreclosed on a property for taxes owed, they sold the property at tax sales that generated proceeds in excess of the taxes owed and the statutory sales costs. While California law provides a mechanism for property owners to reclaim certain "excess proceeds" of tax sales, the Defendants are required by statute to hold the excess proceeds in a trust fund for at least one year— and in practice they often hold it for multiple years—before disbursing it according to the priority of interests in the property sold. When excess proceeds were finally returned to Plaintiff and the Plaintiff Class members, Defendants kept for themselves any interest that accrued on the excess proceeds during the year(s) they held the excess proceeds in trust. Defendants did not—and, as a practice, do not—compensate Plaintiff or Plaintiff Class members for its takings of such interest or the use of Plaintiff's and Plaintiff Class members' funds during this period. Indeed, they provided no process for Plaintiff or Plaintiff Class members to claim (or even determine or calculate) the actual, statutory, or constructive interest on the principal to which they are entitled.

5.      "The rule that 'interest follows principal' has been established under English common law since at least the mid-1700's," and "has become firmly embedded in the common law of the various states." *Phillips v. Wash. Legal Found.*, 524 U.S. 156, 165, 172 (1998) (collecting cases). The California and U.S. Constitutions prohibit the County from extinguishing this property right without due process, or from taking it without just compensation. Thus, Defendants' use of "the toehold of the tax debt to confiscate more property than was due … effect[s] a 'classic taking.'" *Tyler*, 598 U.S. at 639.

6.      This action seeks to certify a Plaintiff Class of California property owners and those with an interest in property whose protected property interests in the Excess Proceeds were taken,

**CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**
*Rashik v. County of Riverside*, US District Court, Central District of California

and to certify a Defendant Class of California counties that took and/or kept those protected property interests in the Excess Proceeds.

7.    On behalf of himself, independently, and on behalf of those similarly situated, Plaintiff asserts claims (1) under the Takings Clause of the Fifth Amendment to the United States Constitution, incorporated through the Fourteenth Amendment, and 42 U.S.C. § 1983 for taking without just compensation; (2) under Article I, § 19 of the California Constitution, for taking without just compensation; (3) under the Due Process Clause of the Fourteenth Amendment and 42 U.S.C. § 1983 for deprivation of property without due process; (4) under Article I, § 7 of the California Constitution for deprivation of property without due process; (5) for unjust enrichment; (6) for money had and received; (7) for inverse condemnation; and (8) under 28 U.S.C. § 2201 for a declaratory judgment that Defendants' conduct alleged herein violates the Fifth and Fourteenth Amendments to the United States Constitution.

8.    Plaintiff, on behalf of himself and on behalf of all others similarly situated, seeks just compensation for the takings or inverse condemnations of private property; compensatory damages; equitable restitution; equitable accounting; any other equitable relief, including injunctive relief, as the Court sees fit; and declaratory relief; together with pre-judgment and post-judgment interest, reasonable costs and attorneys' fees, and any other relief as permitted by law or equity.

## JURISDICTION & VENUE

9.    This Court has subject-matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because the claims in this Complaint arise under the Fifth and Fourteenth Amendments to the United States Constitution.  Further, this action seeks relief under 42 U.S.C. § 1983 for the deprivation of Constitutional rights by persons acting under color of state law and this Court has original jurisdiction over such an action pursuant to 42 U.S.C. § 1343.

10.    This Court has supplemental jurisdiction over both legal and equitable claims in this Complaint arising under the laws of the state of California pursuant to 28 U.S.C. § 1367 because the state law claims arise out of a common nucleus of operative facts with the federal claims over which this Court has original jurisdiction.

3

**CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**
*Rashik v. County of Riverside*, US District Court, Central District of California

11.     This Court has personal jurisdiction over the County because, *inter alia*, the County and all members of the Defendant Class are domiciled in California, all Defendants' tax foreclosure practice occurs in California, and all Defendants have caused injury in California.

12.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because County is located here, a substantial part of the events and omissions giving rise to the claims occurred here, and Plaintiff's property that is the subject of this suit is located here.

## PARTIES

**I.     Plaintiff Ammar Rashik**

13.     Plaintiff Ammar Rashik is an individual who is domiciled in, and is a citizen of, the State of California.

14.     Plaintiff purchased a property in the County of Riverside in 2017.

15.     After five years, there was a delinquent tax of less than $10,000 on the property.

16.     The County seized the property and sold it for approximately $70,200 on April 26, 2022.

17.     The sale produced substantial Excess Proceeds, being an excess above and beyond the amount lawfully owed by Plaintiff for delinquent taxes and charges, which the County placed in a Tax Sale Trust Fund.

18.     The County did not return any Excess Proceeds to Plaintiff until March 19, 2025.

19.     The County did not provide Plaintiff with any accounting of the Excess Proceeds, any actual, statutory, or constructive interest on the Excess Proceeds, any process or procedure for calculating or claiming interest on the principal that belonged to Plaintiff, but which the County withheld for years, or any just compensation for the taking of interest on the Excess Proceeds and/or the time value thereof.

20.     The members of the putative Plaintiff Class are similarly situated, having property taken from them in excess of the amount they owed for taxes or other obligations, and having been denied just compensation and due process by members of the proposed Defendant Class.

**II.    Defendant County of Riverside**

21.    Defendant County of Riverside is a municipal corporation organized and existing in California and pursuant to the laws of the State of California.  It includes its agents, including the County Treasurer-Tax Collector.

22.    The County and the other Defendant Class members engaged uniformly in a process that unconstitutionally stripped Plaintiff and the Plaintiff Class of their protected property interests in the Excess Proceeds, including the right to any interest that accrued thereupon or would have accrued thereupon but for the unconstitutional acts alleged herein, without paying just compensation or providing constitutionally adequate procedural due process.

23.    The County and the Defendant Class members act uniformly as to all relevant practices when undertaking these unconstitutional takings.  A single resolution would therefore be expeditious.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

**I.    The U.S. and California Constitutions**

24.    The United States and California Constitutions require that if private property is taken, "just compensation" must be paid.

25.    The Fifth Amendment to the United States Constitution lists government actions that are prohibited, and states "nor shall private property be taken for public use, without just compensation."  U.S. Const., Amend. V.  The 14th Amendment to the United States Constitution makes this prohibition applicable to the states and their governmental entities and officers.

26.    Article I, Section 19 of the California Constitution provides: "Private property may be taken or damaged for a public use and only when just compensation, ascertained by a jury unless waived, has first been paid to, or into court for, the owner."  Cal. Const., Art. I § 19.

27.    The California and United States Constitution also prohibit the deprivation of property without due process of law.  U.S. Const., Amend. 14; Cal. Const., Art. I § 7.

28.    Although case law on the subject of unconstitutional takings often deals with the related topics of eminent domain and inverse condemnation of land, the U.S. Supreme Court has

**CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**
*Rashik v. County of Riverside*, US District Court, Central District of California

recognized that property owners' related property interest in the excess proceeds of tax sales may not be taken without just compensation. *Tyler v. Hennepin Cnty.*, 598 U.S. 631, 647 (2023).

29.    The California and U.S. Constitutions prohibit the County from extinguishing such a property right without due process, or from taking it without just compensation.

30.    Despite these constitutional protections, California counties, including the County, seize the private property of landowners with unpaid real property taxes and, upon sale of the property, retain the excess sale proceeds for years, even after taxes and other charges have been fully satisfied. Then, when they finally return excess sales proceeds to the owners years later, they do so without interest. By this practice, these California counties permanently take property owners' protected property interests in the excess proceeds, including any interest that actually or constructively accrued on the excess proceeds, without just compensation and without providing any means or mechanism for the property owners to calculate or claim the full value or amount of the private property that has been taken. Thus, Defendants' use of "the toehold of the tax debt to confiscate more property than was due … effect[s] a 'classic taking.'" *Tyler*, 598 U.S. at 639.

## II.    California's Tax Sale and Excess Proceeds Regime

31.    In California, the collection of property taxes is governed by California state law, subject to the California and U.S. Constitutions.

32.    California's Constitution provides the legislature with authority to grant the taxing power to local governments. Cal. Const., Art. XIII, § 24(a) ("The Legislature may not impose taxes for local purposes but may authorize local governments to impose them.").

33.    Local governments in California receive their authority to make, levy, and collect taxes, and dispose of the property and the proceeds of a tax sale pursuant to California law and under color of those laws. By statute, the legislature authorizes each county's board of supervisors to levy property taxes for local purposes according to the terms and conditions found in California's Revenue and Taxation Code. *See* Rev. & Tax. Code § 2151.

34.    California maintains a secured roll and an unsecured roll for real property. Real property on the secured roll is property that is deemed sufficient to secure the payment of the taxes

**CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**
*Rashik v. County of Riverside*, US District Court, Central District of California

and real property on the unsecured roll is deemed insufficient to cover the payment of taxes. *Id.* at § 109.

35.    Unsecured property taxes may be collected by a seizure and sale of property, a civil lawsuit against the taxpayer, collection by summary judgment, or through filing a certificate of delinquency. *See id.* at §§ 2191.3, 2951–2963, 3001–3007, §§ 3101–3107. Any excess proceeds from the sale of a property on the unsecured roll must be returned to the owner and the excess proceeds must be deposited in the county treasury until claimed. *Id.* at § 2961.

36.    If taxes on property on the secured roll are not paid, the real estate is declared to be tax-defaulted. *Id.* at §§ 126, 3436. Every tax, penalty, or interest, including redemption penalty or interest, on real property on the secured roll is a lien against the property assessed. *Id.* at § 2187.

37.    When a property owner in California fails to pay property taxes, the tax becomes delinquent and, after a three- or five-year redemption period, the county may sell the tax-defaulted property at a tax sale. *Id.* at § 3691.

38.    Counties must notify interested parties by mailed written notice of their right to claim excess proceeds within 90 days of the tax sale. *Id.* at § 4676.

39.    After depositing certain sale costs in the general fund, counties must deposit all of the proceeds in "the delinquent tax sale trust fund" ("Tax Sale Trust Fund") for distribution. *Id.* at §§ 3719, 4672.1, 4672.2, 4673.

40.    After deducting the sale costs, counties first distribute, from the remaining proceeds, "[a]n amount of the proceeds up to but no greater than the amount required, at the time of sale, to redeem the property from tax default" to the taxing agencies. *Id.* at § 4673.1. Then, from the remainder, it next distributes the amount necessary to satisfy any current taxes, assessments, or penalties. *Id.*

41.    "Any excess in the proceeds deposited in the delinquent tax sale trust fund remaining after satisfaction of the amounts distributed under Sections 4672, 4672.1, 4672.2, 4673, and 4673.1" ("Excess Proceeds"), are "retained in the fund on account of, and may be claimed by parties of interest in the property…." *Id.* at § 4674.

**CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**
*Rashik v. County of Riverside*, US District Court, Central District of California

42.     After the tax sale, the parties of interest may assign their interests in the Excess Proceeds.  *Id.* at § 4675(b).

43.     Typically, the property taxes at issue are small in relation to the value of the property.  According to one source, property taxes on properties in Riverside County average approximately 0.8% of the property value.[1]  Therefore, the Excess Proceeds are usually significant sums.

44.     California's process for the return of Excess Proceeds from tax foreclosure sales is legislated at the state level and California's Revenue and Taxation Code § 4675 provides:

> Any party of interest in the property may file with the county a claim for the excess proceeds, in proportion to that person's interest held with others of equal priority in the property at the time of sale, at any time prior to the expiration of one year following the recordation of the tax collector's deed to the purchaser.

*Id.* at § 4675(a).

45.     "At the expiration of the period [for parties of interest to claim Excess Proceeds], any excess proceeds not claimed under Section 4675 may be transferred to the county general fund…."  *Id.* at § 4674.

46.     Collectively, the "parties of interest" are entitled to 100% of the total Excess Proceeds.  If all parties of interest file claims, 100% of the total Excess Proceeds must be disbursed to them.  There is no provision in the Revenue and Taxation Code for the County, or any other person who was not a party of interest "at the time of the sale," to claim or retain Excess Proceeds in that scenario.

47.     Individually, each party of interest is entitled to the total Excess Proceeds in proportion to its interest at the time of sale.  If a party who had a 50% interest at the time of sale files a timely claim, that party is entitled to 50% of the total Excess Proceeds, no more no less.

48.     By law, counties may not distribute Excess Proceeds under § 4675 "sooner than one year following the recordation of the tax collector's deed to the purchaser."  *Id.* at § 4675.

---

[1] *See* https://www.tax-rates.org/california/riverside_county_property_tax.

49.     However, the Revenue and Taxation Code does not provide any time by which counties must distribute the Excess Proceeds to parties of interest in the property after the expiration of one year from the recordation of the tax collector's deed to the purchaser.

50.     In practice, although the period for parties of interest in the property to file claims for Excess Proceeds closes after one year, California counties typically and routinely take much longer—often multiple years—to distribute the Excess Proceeds, and hold the Excess Proceeds in the Tax Sale Trust Fund, ostensibly "on account of the parties of interest," during this time.

### III.    Defendants' Taking of Plaintiff's Property

51.     Plaintiff Rashik purchased real property in the County of Riverside in 2017.

52.     After five years, there was a delinquent tax of less than $10,000 on the property.

53.     The County seized the property and sold it for $70,200 on April 26, 2022.

54.     The purchaser's deed was recorded on July 7, 2022.

55.     On July 19, 2022, the County sent Plaintiff a letter by U.S. Certified Mail stating that Plaintiff had "a right to file a claim for any excess proceeds that remain after the tax liens and the costs of the sale have been satisfied," and that he must file such claim by July 7, 2023.  The letter also stated, "Please note that the statutory procedures and the County's internal procedures dictate that most claims will not be processed until at least twenty (20) months following the date of recordation of the tax deed."

56.     The letter did not state the amount that Plaintiff's property sold for or the total amount of the excess proceeds held in trust.

57.     The letter did not state whether the excess proceeds were accruing interest, at what rate interest accrued, how such interest could be calculated, over what period such interest could be calculated, how such interest could or could not be claimed, or how such interest would or would not be disbursed.

58.     On March 6, 2023, Plaintiff timely filed a claim for excess proceeds, stating that he was the sole owner of the property and attaching a deed showing the same.

**CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**
*Rashik v. County of Riverside*, US District Court, Central District of California

59.    The "Claim for Excess Proceeds" form provided by the County required Plaintiff to write in the dollar amount he claimed, rather than the percentage to which he was entitled or the proportion of his interest in the property at the time of sale.

60.    Plaintiff was not aware nor informed of his right to claim interest.

61.    Plaintiff claimed $60,459.59.    Upon information and belief, this amount represented the Excess Proceeds initially deposited in the Tax Sale Trust Fund, i.e. the principal.

62.    On March 20, 2023, the County acknowledged receipt of Plaintiff's claim on March 9, 2023.

63.    There were no other parties of interest and no other claims filed for the Excess Proceeds from the sale of Plaintiff's property.    Plaintiff was therefore entitled to the total amount of Excess Proceeds, including interest accrued thereon.

64.    In the ensuing months and years, Plaintiff contacted the County several times to check the status of the Excess Proceeds, and was repeatedly told the County was still "processing" them.

65.    In 2023, the County told Plaintiff that it was still processing claims from sales in 2018 and 2019.

66.    In November 2024, the County told Plaintiff that it had worked its way up to processing claims from 2022 sales.

67.    On March 19, 2025, the County issued Plaintiff a check for $60,459.59.

68.    Generally, California's statutory rate of interest is 7% per annum.  Cal. Const., Art. XV § 1.

69.    Between April 26, 2022 (the date of the tax sale) and March 19, 2025, inflation rates based on the Consumer Price Index have been as high as 6.2% and no lower than 2.8%.[2] Over the same period, the Federal Reserve adjusted the Federal Funds Effective Rate from 0.33% in April 2022, to a high of 5.33% from August 2023 to August 2024, to its current rate of 4.33%.[3]

---

[2] https://data.bls.gov/timeseries/CUUR0000SA0L1E?output_view=pct_12mths, last visited June 17, 2025.
[3] https://fred.stlouisfed.org/series/FEDFUNDS, last visited June 17, 2025.

70.     The County did not provide any accounting of the Excess Proceeds or the Tax Sale Trust Fund.

71.     The County did not disburse to Plaintiff any interest that accrued on the Excess Proceeds while held in the Tax Sale Trust Fund for years.

72.     The County did not provide any process, procedure, means, or mechanism to calculate or claim interest on the principal that belonged to Plaintiff, but which the County withheld for years.

73.     At all relevant times, Plaintiff had a protected property interest in either the surplus equity in his property (before the tax sale) or in the Excess Proceeds therefrom (after the tax sale).

74.     This protected property interest included the right to any interest that accrued on the Excess Proceeds, or which would have accrued on the Excess Proceeds but for the County's unconstitutional conduct.

75.     The County did not provide just compensation to Plaintiff for its taking of this property interest or its taking of any interest that actually or constructively accrued on the Excess Proceeds.

76.     The County's conduct constituted a taking of Plaintiff's protected property interest without just compensation.

77.     The County's conduct deprived Plaintiff of a protected property interest without due process of law.

78.     Plaintiff has suffered damages in an amount to be proven at trial, which damages include actual or constructive interest on the Excess Proceeds for the entire period the Excess Proceeds were held in the Tax Sale Trust Fund.

**IV.    Defendants' Violations of the U.S. and California Constitutions.**

79.     Under California and federal law, Plaintiff and the Plaintiff Class members have a protected property interest in the excess proceeds from tax sales of their private property.

80.     California's Revenue and Taxation Code is silent regarding the payment to parties of interest of any interest that accrues on the Excess Proceeds during the period in which it is held in the Tax Sale Trust Fund.

11

81.     Upon information and belief, interest accrues on the Excess Proceeds during the period in which it is held in the Tax Sale Trust Fund "on account of" the "parties of interest in the property…." Rev. & Tax. Code § 4674.

82.     During the period in which Excess Proceeds are so held in the Tax Sale Trust Fund, parties of interest are unable to invest, borrow against, or otherwise make use of the Excess Proceeds held on their accounts.

83.     Due to the "time value" of money, every dollar of Excess Proceeds is more valuable on the date of the tax sale than on any subsequent day.

84.     Additionally, over the last five years, inflation rates were positive and generally high,[4] and interest rates have increased significantly.[5]

85.     As a uniform practice, the Defendant Class members do not disburse any interest that accrues on Excess Proceeds to parties of interest or provide parties of interest with any means or procedure to calculate or claim it.

86.     Any Excess Proceeds that remain in the Tax Sale Trust Fund after the distributions and disbursements described above are transferred to the Defendant Class members' general funds pursuant to Rev. & Tax. Code § 4674.  Upon information and belief, this includes any and all interest that accrues on the Excess Proceeds while held in the Tax Sale Trust Fund.

87.     By this practice, the Defendant Class members seize the entire property value to satisfy a property tax that generally represents a tiny fraction of that value, exclude property owners from making any use of the surplus equity or the Excess Proceeds into which it is converted for years, and then retain for themselves any and all benefit of the use and/or retention of such surplus equity and Excess Proceeds during that time.

88.     The ongoing failure of the County and the Defendant Class to provide Plaintiff and the Plaintiff Class compensation for the taking of this protected property interest without just compensation is a continuing violation of the U.S. and California constitutions and is continuing wrongful conduct giving rise to the other claims that Plaintiff and the Plaintiff Class assert herein.

---

[4] https://data.bls.gov/timeseries/CUUR0000SA0L1E?output_view=pct_12mths, last visited June 17, 2025.
[5] https://fred.stlouisfed.org/series/FEDFUNDS, last visited June 17, 2025.

**CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**
*Rashik v. County of Riverside*, US District Court, Central District of California

89.     Each day that the County and the Defendant Class retain the interest on the Excess Proceeds, or retain the Excess Proceeds without accounting for interest and providing a means or mechanism to calculate and claim such interest, and fail to compensate Plaintiff and the Plaintiff Class members (1) a new violation of the U.S. and California Constitutions arises; and (2) the other claims Plaintiff and the Plaintiff Class assert herein also arise anew.

90.     Plaintiff Class members have suffered damages in an amount to be proven at trial, which damages include actual or constructive interest on the Excess Proceeds for the entire period the Excess Proceeds were held in the Tax Sale Trust Fund.

## **CLASS ACTION ALLEGATIONS**

91.     Plaintiff Rashik brings this action pursuant to Fed. R. Civ. P. 23(a), 23(b)(1)(A) and 23(b)(3) on behalf of themselves and all other similarly situated persons, and respectfully requests that the Court enter an order certifying this class as a class action on behalf of a proposed Plaintiff Class and against a proposed Defendant Class.

**I.     Plaintiff Class**

92.     Plaintiff requests the Court to certify a Plaintiff Class defined as follows:

> All persons and entities, their heirs and successors, who owned or had an interest in real property that the County of Riverside, California or a member of Defendant Class foreclosed upon to satisfy unpaid real estate taxes, other local government charges, and/or associated charges, where (1) such property was subsequently sold or transferred during the Class Period; (2) the amount received in the sale or transfer was more than the amount necessary to satisfy such unpaid taxes, local government charges, and/or associated charges owed, resulting in Excess Proceeds; (3) the Excess Proceeds were held in the Tax Sale Trust Fund or other fund on account of such persons and entities who owned or had an interest in the property for at least one day; and (4) the County or Defendant Class member failed to (a) compensate the person or entity, or their heir(s) or successor(s), for the full amount of the Excess Proceeds with any interest that actually or constructively accrued thereon while held by in the Tax Sale Trust Fund or other fund or (b) provide an adequate procedure and opportunity for the person or entity, or their heir(s) or successor(s), to recover the full amount of the Excess Proceeds with any interest that actually or constructively accrued thereon while held by in the Tax Sale Trust Fund or other fund.

**CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**
*Rashik v. County of Riverside*, US District Court, Central District of California

93.     For purposes of defining the Class Period, the Class Period is the longest period allowed by law before the filing of this action, and thereafter.

94.     Plaintiff reserves the right to amend or modify the definition of the Plaintiff Class or Class Period as discovery proceeds and to conform it to the evidence.

95.     Excluded from the Class are the County and the Defendant Class members, as well as their agents, representatives, and current employees; any judge to whom this action is assigned; and any member of that judge's staff and immediate family.

96.     While the exact number of Plaintiff Class members is currently unknown, Plaintiff is informed and believes that the members of Plaintiff Class are so numerous that their individual joinder is impracticable.  On information and belief, members of Plaintiff Class number at least in the hundreds.

97.     The precise number of members of the Plaintiff Class and their current addresses are currently unknown to Plaintiff Rashik but may be ascertained from county and other government property and tax records, which include electronic records, data, public notices and databases.  Plaintiff Class members may be notified of the pendency of this action by mail, email, text, Internet postings, and/or publication.

98.     Common questions of law and fact exist as to all members of the proposed Plaintiff Class and predominate over questions affecting only individual Plaintiff Class members. The common questions of law and/or fact include, but are not limited to, the following:

A.  Whether the County and the Defendant Class (defined *infra*) committed a taking of Plaintiff Rashik's and the Plaintiff Class members' property without just compensation in violation of the Fifth and Fourteenth Amendments of the United States Constitution;

B.  Whether the County and the Defendant Class (defined *infra*) committed a taking of Plaintiff Rashik's and the Plaintiff Class members' property without just compensation in violation of Article 1, Section 19 of the California Constitution;

C.  Whether the County and the Defendant Class (defined *infra*) deprived Plaintiff Rashik and the Plaintiff Class members of property without due process in violation of the Fourteenth Amendment to the United States Constitution;

**CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**
*Rashik v. County of Riverside*, US District Court, Central District of California

D. Whether the County and the Defendant Class (defined *infra*) deprived Plaintiff Rashik and the Plaintiff Class members of property without due process in violation of Article I, Section 7 of the California Constitution;

E. Whether the County and the Defendant Class's (defined *infra*) taking of Plaintiff's and Plaintiff Class members' property for public use was without just compensation under the United States Constitution.

F. Whether the County and the Defendant Class's (defined *infra*) taking of Plaintiff's and Plaintiff Class members' property for public use was without just compensation under the California Constitution.

G. Whether the County's and the Defendant Class's practices or procedures related to tax sales and Excess Proceeds, on their face or as applied, violate the U.S. Constitution;

H. Whether the County's and the Defendant Class's practices or procedures related to tax sales and Excess Proceeds, on their face or as applied, violate the California Constitution;

I. Whether the conduct alleged in this suit caused injury in fact Plaintiff and the Plaintiff Class members;

J. Whether the County and Defendant Class members are liable under 42 U.S.C. § 1983 for unconstitutional takings without just compensation;

K. Whether the County and Defendant Class members are liable under 42 U.S.C. § 1983 for unconstitutional deprivations of property without due process;

L. Whether the County and Defendant Class members are liable for inverse condemnation and/or equitable accounting;

M. Whether the County and the Defendant Class are liable for unjust enrichment;

N. Whether the County and the Defendant Class are liable for money had and received; and

O. What relief should be granted, if any, to the named Plaintiff and the Plaintiff Class members.

99. Plaintiff's claims are typical of the claims of the claims of the other members of the Plaintiff Class because, among other reasons, Plaintiff and all members of the Plaintiff Class suffered the same type of injury from the same type of wrongful conduct, and seek the same remedies.

100. Plaintiff is a member of the Plaintiff Class he seeks to protect and is an adequate representative of the Class because his interests do not conflict with the interests of other Plaintff

15

Class members, and he will fairly and adequately protect the Plaintiff Class's interests. Plaintiff has retained counsel with extensive experience in class actions and other complex litigations, and who are fully capable of, and intent upon, vigorously pursuing this action. Plaintiff and his counsel will fairly and adequately protect the interests of the Plaintiff Class.

101. Certification of the Class under Fed. R. Civ. P. 23(a) and 23(b)(1)(A) is appropriate because separate actions by individual Plaintiff Class members would create a risk of inconsistent or contradictory adjudications, and may lead to incompatible standards of conduct for the County and Defendant Class members.

102. Certification of the Class under Fed. R. Civ. P. 23(a) and 23(b)(3) is also appropriate as to the members of the Plaintiff Class in that common questions predominate over any questions affecting only individual members. The core underlying facts for each member of the Plaintiff Class are similar because the foreclosure practices alleged herein subjected all Plaintiff Class members to the same wrongful conduct.

103. A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this Class Action. This Class Action will lead to an orderly and expeditious administration of claims by the members of the Class, conserving time, effort, and expenses and ensuring uniformity of decisions. Without a class action, the cost of litigation would be uneconomical and impracticable for so many Plaintiff Class members to individually seek redress for the wrongful conduct. By contrast, the proposed Class Action presents far fewer management difficulties and provides the benefits of a single adjudication, economies of scale, and comprehensive supervision by a single court.

**II.    Defendant Class**

104. Plaintiff also requests the Court to certify this action as a defendant class action pursuant to Rule 23(a), 23(b)(1)(A)–(B), 23(b)(2), and 23(b)(3); designate Defendant County of Riverside as the representative of the Defendant Class; and to appoint counsel for County of Riverside as Defendant Class counsel.

105. Plaintiff requests certification of "Defendant Class," defined as follows:

**CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**
*Rashik v. County of Riverside*, US District Court, Central District of California

All counties or local government tax authorities in California that (1) sold or transferred real property for non-payment of taxes, other local government charges, and/or associated charges during the Class Period for an amount greater than the amount necessary to satisfy such unpaid taxes, local government charges, and/or associated charges owed, resulting in Excess Proceeds; (2) either (a) held Excess Proceeds in the Tax Sale Trust Fund or other fund on account of such persons and entities who owned or had an interest in the property for at least one day, or (b) received Excess Proceeds from such a fund; and (3) failed to (a) compensate the owner or a party of interest in the property for the full amount of the Excess Proceeds and any interest that actually or constructively accrued thereon while held by in the Tax Sale Trust Fund or other fund or (b) provide an adequate procedure and opportunity for the owner or party of interest in the property to recover the full amount of the Excess Proceeds and any interest that actually or constructively accrued thereon while held by in the Tax Sale Trust Fund or other fund.

106.    The members of the Defendant Class acted in a uniform manner as to all relevant practices either pursuant to the California Revenue or Taxation Code or other state and local laws or practices in California when they took Excess Proceeds and failed to compensate the taxpayer for the full amount of the Excess Proceeds with any interest that actually or constructively accrued thereon.

107.    Individual joinder is impracticable compared to establishing a Defendant Class consisting of the numerous local governments.  Prosecuting separate actions by or against the individual Defendant Class members could establish incompatible standards of conduct. Defendant Class members may be notified of the pendency of this action by mail, email, text, Internet postings, and/or publication.

108.    Common questions of law and fact exist as to all members of Defendant Class and predominate over questions affecting only individual Defendant Class members. Such common questions of law or fact include:

A.  Whether the County and the Defendant Class committed a taking of Plaintiff Rashik's and the Plaintiff Class members' property without just compensation in violation of the Fifth and Fourteenth Amendments of the United States Constitution;

B.  Whether the County and the Defendant Class committed a taking of Plaintiff Rashik's and the Plaintiff Class members' property without just compensation in violation of Article 1, Section 19 of the California Constitution;

17

C. Whether the County and the Defendant Class deprived Plaintiff Rashik and the Plaintiff Class members of property without due process in violation of the Fourteenth Amendment to the United States Constitution;

D. Whether the County and the Defendant Class deprived Plaintiff Rashik and the Plaintiff Class members of property without due process in violation of Article I, Section 7 of the California Constitution;

E. Whether the County's and the Defendant Class's taking of Plaintiff's and Plaintiff Class members' property for public use was without just compensation under the United States Constitution.

F. Whether the County's and the Defendant Class's taking of Plaintiff's and Plaintiff Class members' property for public use was without just compensation under the California Constitution.

G. Whether the County's and Defendant Class members' practices or procedures related to tax sales and Excess Proceeds, on their face or as applied, violate the U.S. Constitution;

H. Whether the County's and Defendant Class members' practices or procedures related to tax sales and Excess Proceeds, on their face or as applied, violate the California Constitution;

I. Whether the County and the Defendant Class caused injury in fact to the Plaintiff and the Plaintiff Class members;

J. Whether the County and Defendant Class members are liable under 42 U.S.C. § 1983 for unconstitutional takings without just compensation;

K. Whether the County and Defendant Class members are liable under 42 U.S.C. § 1983 for unconstitutional deprivations of property without due process;

L. Whether the County and Defendant Class members are liable for inverse condemnation and/or equitable accounting;

M. Whether the County and the Defendant Class are liable for unjust enrichment;

N. Whether the County and the Defendant Class are liable for money had and received; and

O. What relief should be granted, if any, to Plaintiff and the Plaintiff Class members.

109.    The County's and the Defendant Class members' defenses are typical of the defenses of the other members of the Defendant Class.  Plaintiff and all members of the Plaintiff Class suffered the same type of injury and seek the same redress; the County and each member of

the Defendant Class unconstitutionally took Plaintiff's and the Plaintiff Class members' property without providing just compensation or constitutionally adequate due process.

110. The County and the Defendant Class members acted consistently and uniformly as to all relevant practices under California's Revenue and Taxation Code or other state or local law, procedures, or practices to take Plaintiff's and Plaintiff Class members' property rights without just compensation or constitutionally adequate due process.

111. The County is an adequate Defendant Class representative because its interests do not conflict with the interests of the Defendant Class members it represents and the County shares the same defenses as each Defendant Class member.

112. The members of the Defendant Class are too numerous to be individually named. California has 58 counties. Upon information and belief, each of these counties and officials has engaged in the same wrongful and unconstitutional conduct under color of law alleged herein.

113. It would be impracticable and an undue burden on the courts, Plaintiff, and the Plaintiff Class, as well as members of the Defendant Class, to litigate and try hundreds if not thousands of individual actions against every county in California, rendering it uneconomical for Plaintiff and the Plaintiff Class to obtain just compensation for the constitutional violations that the County and the members of the Defendant Class have perpetrated.

114. A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action.

115. Individualized litigation creates a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## CAUSES OF ACTION

## COUNT I – VIOLATION OF THE TAKINGS CLAUSE OF THE FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION

116. Plaintiff realleges all previous paragraphs as if fully set forth herein.

19

117.    Plaintiff and members of the Plaintiff Class have a cognizable property interest in the Excess Proceeds that the Fifth Amendment to the United States Constitution and its Takings Clause protects.

118.    Plaintiff's and the Plaintiff Class members' property interest in the Excess Proceeds includes a cognizable property interest in any interest that accrues there on that the Fifth Amendment to the United States Constitution and its Takings Clause protects.

119.    The County and the Defendant Class physically took the Plaintiff's and Plaintiff Class members' real property.  The value of the property, or the proceeds from the sale thereof, exceeded the amount owed for the taxes or other charges for which the property was seized and taken.

120.    Plaintiff and the Plaintiff Class members are "entitled to the surplus in excess of the debt" owed to Defendants and the Defendant Class members.  *Tyler*, 598 U.S. at 642.

121.    The County and the Defendant Class physically took and held the surplus property value and/or the Excess Proceeds from the sale or transfer of such property for significant periods of time—typically a year or longer.

122.    Upon information and belief, interest accrued on Plaintiff's and Plaintiff Class members' Excess Proceeds during the time they were held by Defendants.

123.    While the County and the Defendant Class in at least some cases returned the initial amount of Excess Proceeds (*i.e.*, principal) to Plaintiff and the Plaintiff Class members, Defendants physically took, and continue to fail to tender and deliver to Plaintiff and the Plaintiff Class members, interest that actually or constructively accrued on the Excess Proceeds principal while Defendants held it.

124.    The County and the Defendant Class have not provided just compensation to Plaintiff or the Plaintiff Class members for the taking of actual or constructive interest on the Excess Proceeds or the taking of the time value of the Excess Proceeds.

125.    Defendants are now in possession of the property of Plaintiff and the Plaintiff Class members and/or benefits received from the taking of the property of Plaintiff and the Plaintiff Class.

**CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**
*Rashik v. County of Riverside*, US District Court, Central District of California

126.    Defendants have not, at any time before, during, or after the taking, provided Plaintiff or the Plaintiff Class members an offer of just compensation for the taken interest on the Excess Proceeds or the taken time value of the Excess Proceeds.

127.    Defendants have not, at any time before, during, or after the taking, provided Plaintiff or the Plaintiff Class members a procedure, process, means, or mechanism to seek just compensation for the taken interest on the Excess Proceeds or the taken time value of the Excess Proceeds.

128.    Defendants took the property of Plaintiff and the Plaintiff Class without just compensation.

129.    It is the policy, custom, and practice of Defendants to take the Excess Proceeds for public purposes and not deliver or tender to Plaintiff or the Plaintiff Class members just compensation therefor.

130.    The property of Plaintiff and the Plaintiff Class was taken both physically and under color of law, depriving Plaintiff and the Plaintiff Class of their rights, title, and interests in same.

131.    While acting under color of state law, Defendants deprived Plaintiff and the Plaintiff Class of a federal constitutional right and committed a taking from them without providing just compensation.

132.    This claim arises both directly under Fifth Amendment of the United States Constitution and/or alternatively through 42 U.S.C. § 1983.

133.    Defendant County of Riverside and the Defendant Class members are persons under 42 U.S.C. § 1983.  Defendants' actions have caused Plaintiff and the members of the Plaintiff Class to suffer material harm pursuant to 42 U.S.C. § 1983 and/or directly under the Fifth Amendment. Defendants are liable to pay Plaintiff and the Plaintiff Class members for their injuries suffered.

134.    Because Plaintiff and members of the Plaintiff Class have not received just compensation, Plaintiff and members of the Plaintiff Class have been forced to bear public burdens alone which, in all fairness and justice, the public as a whole should bear.

**CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**
*Rashik v. County of Riverside*, US District Court, Central District of California

135.    As a direct and proximate result of the foregoing, Plaintiff and the Plaintiff class members have suffered injury in fact and damages.

136.    Defendants' takings of Plaintiff's and the Plaintiff Class members' protected property interests in the Excess Proceeds without just compensation injured Plaintiff and the Plaintiff Class members, and they are entitled to just compensation, inverse condemnation, and/or other relief.

## COUNT II – VIOLATION OF THE TAKINGS CLAUSE OF ARTICLE I, § 19 OF THE CALIFORNIA CONSTITUTION

137.    Plaintiff realleges all previous paragraphs as if fully set forth herein.

138.    The guarantees of Article I, § 19 of the California Constitution are generally coextensive with the Takings Clause of the United States Constitution.

139.    For the same reasons that the County's and Defendant Class members' acts and omissions violate the Takings Clause of the United States Constitution, their conduct also violates Article I, § 19 of the California Constitution.

140.    As a direct and proximate result of the foregoing, Plaintiff and the Plaintiff class members have suffered injury in fact and damages.

141.    The County's and Defendant Class members' takings of Plaintiff's and the Plaintiff Class members' protected property interests in the Excess Proceeds without just compensation injured Plaintiff and the Plaintiff Class members, and Plaintiff and the Plaintiff Class members are entitled to just compensation, inverse condemnation, and/or other relief.

## COUNT III – VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION

142.    Plaintiff realleges all previous paragraphs as if fully set forth herein.

143.    The Due Process Clause of the Fourteenth Amendment to the United States Constitution provides that "[n]o State shall make or enforce any law which shall … deprive any person of life, liberty, or property, without due process of law."

144.    Plaintiff and the Plaintiff Class members are "entitled to the surplus in excess of the debt" owed to Defendants and the Defendant Class members. *Tyler*, 598 U.S. at 642.

22

145.    The County and Defendant Class members have a duty under the Fourteenth Amendment to provide Plaintiff and the Plaintiff Class members with notice and an opportunity to be heard at a meaningful time and in a meaningful manner before depriving them of property to which they are entitled.

146.    The Due Process Clause requires that Defendants enforce and apply the law in a neutral, impartial, and disinterested manner.

147.    Defendants have a financial interest in detaining the Excess Proceeds for as long as possible.  This financial interest incentivizes Defendants and the Defendant Class to adopt policies and procedures that allow them to seize, detain, and exploit the Excess Proceeds for their own benefits for as long as possible, and obscure their having done so from Plaintiff, the Plaintiff Class, and the public, without regard for the constitutional rights of Plaintiff and the Plaintiff Class members.

148.    Acting under color of law, the County and Defendant Class members deprived Plaintiff and the Plaintiff Class members of property without due process of law in violation of the Fourteenth Amendment to the United States Constitution by the following acts and omissions, individually and in conjunction:

    A. Failing to provide a procedure, means, or mechanism for Plaintiff and Plaintiff Class Members to calculate and claim interest on Excess Proceeds at the time claims are filed under Rev. & Tax. Code § 4675;

    B. Failing to adopt and implement a procedure to automatically calculate and include interest in disbursements to Plaintiff and Plaintiff Class members;

    C. Failing to adopt and implement a procedure to immediately and automatically return the Excess Proceeds to Plaintiff and Plaintiff Class members at the close of the statutory period to claim such Excess Proceeds;

    D. Failing to provide a procedure, means, or mechanism for Plaintiff and Plaintiff Class members to claim interest after the Excess Proceeds principal is disbursed;

    E. Failing to provide an accounting of the Excess Proceeds, including any interest thereon, to Plaintiff and Plaintiff Class members;

**CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**
*Rashik v. County of Riverside*, US District Court, Central District of California

F. Unreasonable delay in processing Plaintiff's and Plaintiff Class members' claims for Excess Proceeds;

G. Unreasonable delay in disbursing Excess Proceeds to Plaintiff and Plaintiff Class members;

149. Defendants' procedurally deficient systems, policies, and practices create an unreasonable risk of erroneous deprivation of property.

150. Defendants' procedurally deficient systems, policies and practices are designed to allow them to exploit the Plaintiff Class's property for their own benefits for unreasonably long periods of time and permanently deprive Plaintiff and Plaintiff Class members of their protected property interests in the Excess Proceeds without a timely or meaningful opportunity to be heard.

151. The policies and practices by which the Defendants deprived Plaintiff and the Plaintiff Class members of their protected property interests are shocking to the conscience and so offensive as to not comport with traditional ideas of fair play and decency.

152. Defendants have no legitimate governmental interest in depriving Plaintiff and the Plaintiff Class members of their right to due process.

153. This claim arises both directly under Fourteenth Amendment of the United States Constitution and/or alternatively through 42 U.S.C. § 1983.  Defendant County of Riverside and the Defendant Class members are persons under 42 U.S.C. § 1983.  Defendants' actions have caused Plaintiff and the members of the Plaintiff Class to suffer material harm pursuant to 42 U.S.C. § 1983 and/or directly under the Fourteenth Amendment.  Defendants are liable to Plaintiff and the Plaintiff Class members for their injuries suffered.

154. As a direct and proximate result of the foregoing, Plaintiff and the Plaintiff Class members have suffered injury in fact and damages.

155. Defendants' deprivation of Plaintiff's and the Plaintiff Class members' protected property interests in the Excess Proceeds without constitutionally adequate due process injured Plaintiff and the Plaintiff Class members, and they are entitled to damages and other relief.

**COUNT IV – VIOLATION OF THE DUE PROCESS CLAUSE OF ARTICLE I, § 7 OF THE CALIFORNIA CONSTITUTION**

156.    Plaintiff realleges all previous paragraphs as if fully set forth herein.

157.    The Due Process Clause of the California Constitution provides that "[a] person may not be deprived of life, liberty, or property without due process of law."

158.    The guarantees of Article I, § 7 of the California Constitution are generally coextensive with the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

159.    For the same reasons that the County's and Defendant Class members' acts and omissions violate the Due Process Clause of the Fourteenth Amendment of the United States Constitution, their conduct also violates Article I, § 7 of the California Constitution.

160.    As a direct and proximate result of the foregoing, Plaintiff and the Plaintiff class members have suffered injury in fact and damages.

161.    Defendants' deprivation of Plaintiff's and the Plaintiff Class members' protected property interests in the Excess Proceeds without constitutionally adequate due process injured Plaintiff and the Plaintiff Class members, and they are entitled to damages and other relief.

## COUNT V – UNJUST ENRICHMENT

162.    Plaintiff realleges all previous paragraphs as if fully set forth herein.

163.    Upon information and belief, the County and the Defendant Class members have received money, property, value, and/or other economic benefits to which they are not entitled and have been unjustly enriched thereby at Plaintiff's and the Plaintiff Class members' expense.

164.    Equity and good conscience do not permit Defendants to retain economic and monetary benefits, including actual or constructive interest, extracted from the Excess Proceeds belonging to Plaintiff and the Plaintiff Class members.

165.    The circumstances alleged herein create an equitable obligation running from the County to Plaintiff and from the Defendant Class members to the Plaintiff Class members.

166.    Plaintiff and the Plaintiff Class members are "entitled to the surplus in excess of the debt" owed to Defendants and the Defendant Class members. *Tyler*, 598 U.S. at 642.

**CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**
*Rashik v. County of Riverside*, US District Court, Central District of California

167.    When Defendants took and retained any interest that actually or constructively accrued on the Excess Proceeds, they forced Plaintiff and the Plaintiff Class members to make a contribution to the County and the Defendant Class members "in excess of the debt owed."

168.    For the foregoing reasons, Plaintiff and the Plaintiff Class members are owed restitution in the amount of any economic or monetary benefit, including accrued interest, that Defendants derived from the Excess Proceeds.

## COUNT VI – MONEY HAD AND RECEIVED

169.    Plaintiff reallege all previous paragraphs as if fully set forth herein.

170.    Plaintiff and the Plaintiff Class members are "entitled to the surplus in excess of the debt" owed to Defendants and the Defendant Class members.  *Tyler*, 598 U.S. at 642.

171.    Upon information and belief, Defendants wrongfully received interest that accrued on the Excess Proceeds belonging to Plaintiff and the Plaintiff Class members.

172.    Upon information and belief, Defendants benefitted from receipt of money, property, value, and/or other economic benefits derived from the Excess Proceeds belonging to Plaintiff and the Plaintiff Class members.

173.    When Defendants took and retained any interest that actually or constructively accrued on the Excess Proceeds, they forced Plaintiff and the Plaintiff Class members to make a contribution to the County and the Defendant Class members "in excess of the debt owed."

174.    Principles of equity and good conscience do not permit Defendants to keep money, property, value, and/or other economic benefits derived from the Excess Proceeds belonging to Plaintiff and the Plaintiff Class members.

175.    For the foregoing reasons, Plaintiff and the Plaintiff Class members are owed restitution in the amount of any monetary benefit, including accrued interest, that Defendants derived from the Excess Proceeds.

## COUNT VII – INVERSE CONDEMNATION

176.    Plaintiff realleges all previous paragraphs as if fully set forth herein.

177.    The County and the Defendant Class members possess the power of eminent domain.

178.    The County and the Defendant Class members intruded onto the private property of Plaintiff and the Plaintiff Class members.

179.    The County and the Defendant Class members intruded in a manner so serious as to amount to a compensable taking under the California Constitution and U.S. Constitution.

180.    The County and the Defendant Class members have not justly compensated Plaintiff or Plaintiff Class members for such taking or damage to the private property interests of Plaintiff and the Plaintiff Class members.

181.    As a direct and proximate result of Defendants' acts and omissions alleged herein, Plaintiff and the Plaintiff Class have suffered damages in an amount to be proven at trial, which damages include actual or constructive interest on the Excess Proceeds for the entire period the Excess Proceeds were held in the Tax Sale Trust Fund.

## COUNT VIII – DECLARATORY JUDGMENT

182.    Plaintiff realleges all previous paragraphs as if fully set forth herein.

183.    The Declaratory Judgments Act, 28 U.S.C. § 2201(a), provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such."

184.    On its face, or as applied, the County's and the Defendant Class Members' practices and procedures alleged herein violate the Fifth and Fourteenth Amendments to the U.S. Constitution.

185.    Plaintiff and those similarly situated have been and will be deterred from acquiring property in the future because of the unreasonable risk of constitutional violations posed by Defendants' practices and procedures of taking and retaining the economic and monetary benefits, including interest, derived from surplus property value and Excess Proceeds belonging to Plaintiff and Plaintiff Class members, without just compensation or adequate due process.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff, on behalf of himself and the Plaintiff Class members, prays

27

for the following relief:

    A. An order certifying this action as a plaintiff class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, with Plaintiff being designated as class representative, and appointing Plaintiff's counsel as counsel for the Plaintiff Class;

    B. An order certifying this action as a defendant class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, with Defendant County of Riverside being designated as the class representative, and its attorney(s) as counsel for the Defendant Class;

    C. A declaratory judgment declaring and adjudging that the County's and Defendant Class members' taking of interest on the Excess Proceeds and/or the time value of Excess Proceeds constitutes a taking of private property for public use without just compensation in violation of the Fifth and Fourteenth Amendments to the U.S. Constitution and Article I, § 19 of the California Constitution.

    D. A declaratory judgment declaring and adjudging that the County's and Defendant Class members' practices and procedures, by which they took the interest on, or the time value of, the Excess Proceeds, deprive Plaintiff and the Plaintiff Class members of private property without due process in violation of the Fourteenth Amendment to the U.S. Constitution and Article I, § 7 of the California Constitution.

    E. An award of just compensation for takings or inverse condemnations of the private property of Plaintiff and the Plaintiff Class members, including actual, statutory, or constructive interest on Plaintiff's and Plaintiff Class members' Excess Proceeds during the entire period that Plaintiff's and Excess Proceeds were withheld, in an amount to be determined at trial;

    F. An award of Plaintiff's and Plaintiff Class members' compensatory damages, including actual, statutory, or constructive interest on the Excess Proceeds for the entire period the Excess Proceeds were withheld, in an amount to be determined at trial;

28

G.  Equitable restitution to Plaintiff and the Plaintiff Class on account of the unjust enrichment of the County and the Defendant Class members;

H.  Equitable accounting of the County's and Defendant Class members' takings, including, without limitation, any accrual, earning, disbursement, transfer, or retention of interest on the Excess Proceeds;

I.  Other equitable relief as the Court sees fit, including but not limited to restitution, disgorgement, constructive trust, and/or injunctive relief;

J.  An award of pre-judgment and post-judgment interest, as permitted by law;

K.  An award of Plaintiff's and the Plaintiff Class's costs, reasonable litigation expenses, and reasonable attorneys' fees, as permitted by law and pursuant to 42 U.S.C. § 1988 and Cal. Civ. Proc. Code §§ 1021.5, 1029 & 1036; and

L.  Such other and further relief as the Court may deem fit, just, and proper.

Dated:  June 17, 2025                                    Respectfully submitted,

                                                        */s/ Luke Landers*

                                                        Luke Landers (SBN 315475)
                                                        HILGERS GRABEN PLLC
                                                        27001 Agoura Road, Suite 350
                                                        Calabasas, CA 91301
                                                        Telephone: (310) 692-8385
                                                        llanders@hilgersgraben.com

                                                        Michael Merriman (SBN 234663)
                                                        HILGERS GRABEN PLLC
                                                        655 West Broadway, Suite 900
                                                        San Diego, CA 92101
                                                        Telephone: (619) 369-6232
                                                        mmerriman@hilgersgraben.com

                                                        Alec H. Schultz*
                                                        HILGERS GRABEN PLLC
                                                        1221 Brickell Avenue, Suite 900
                                                        Miami, Florida 33131
                                                        Telephone:  305.630.8304
                                                        aschultz@hilgersgraben.com

                                                        Thomas Q. Swanson (SBN 325205)*
                                                        HILGERS GRABEN PLLC
                                                        1320 Lincoln Mall, Suite 200
                                                        Lincoln, NE 68508

Telephone: (402) 395-4469
tswanson@hilgersgraben.com

*pro hac vice* application forthcoming

*Counsel for Plaintiff AMMAR RASHIK and the proposed Plaintiff Class*

**CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**
*Rashik v. County of Riverside*, US District Court, Central District of California

## **DEMAND FOR JURY TRIAL**

Plaintiff Ammar Rashik hereby demands a trial by jury on all claims subject to such right.

Dated:  June 17, 2025                           Respectfully submitted,

                                                */s/ Luke Landers*_____

                                                Luke Landers (SBN 315475)
                                                llanders@hilgersgraben.com
                                                HILGERS GRABEN PLLC
                                                27001 Agoura Road, Suite 350
                                                Calabasas, CA 91301
                                                Telephone: (310) 692-8385
                                                Facsimile: (402) 413-1880

CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL
*Rashik v. County of Riverside*, US District Court, Central District of California